**Jonathan Stone, Esq.**
490 Schooley's Mountain Road – Bldg. 3A
Hackettstown, New Jersey 07840-4002
Telephone:      (908) 979-9919
Facsimile:       (908) 979-9920
Attorney for Plaintiff, Tara Elms Henderson

Jonathan Stone, Esq.
490 Schooley's Mountain Road - Bldg. 3A
Hackettstown, New Jersey 07840-4002
Telephone:   (908) 979-9919
Facsimile:   (908) 979-9920

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: ) | **Case No. 2:11–cv–02607–DMC–JAD** |
| ) | |
| TARA ELMS HENDERSON, ) | |
| ) | |
|     Plaintiff, ) | **OPPOSITION TO MOTION FOR SANCTIONS** |
| ) | |
| v. ) | |
| ) | |
| WEINSTEIN & RILEY, P.S., P.C. and ) | |
| KENNETH STEVEN JANNETTE, ) | |
| ) | |
|     Defendants. ) | |

## I.  STATEMENT OF FACTS

Plaintiff, Tara Elms Henderson, by and through counsel, opposes Defendants' Motion for Sanctions for the following reasons:

**Judge Gambardella:  Henderson Bankruptcy Case # 11–19749 (RG)**

1.  In the Henderson bankruptcy matter, the Debtors filed a motion to quash the Notice of Rule 2004 Examination, which was heard on June 13, 2011.  *See* Exhibit A (Transcript of Hearing).

2.  This Notice of Rule 2004 Examination is the same one that forms the basis of the Complaint before this Honorable Court.

3.  Defendant Jannette admitted before the Honorable Rosemary Gambardella that he deceived the Plaintiff by failing to send the Notice of Rule 2004 Examination to her,

notwithstanding his false and misleading representation to the contrary.  *See* Exhibit A, page 2, lines 8 through 10.

> **The Court:**  Was the subpoena served on the deponent personally?

> **Defendant Jannette:**  It was not.

> **The Court:**  Well then it is subject to being quashed.

4.   Defendant Jannette admitted before the Honorable Rosemary Gambardella that the Notice of Rule 2004 Examination was merely a tool in his arsenal to obtain additional information and to give the *impression* that he is in compliance with the Federal Rules of Civil Procedure.  At this hearing, Defendant Jannette's ruse was uncovered:

> **Defendant Jannette:**  [I] did not intend that document to be a subpoena.  I intended it to be an informal request.  The way that most of the time that particular request is responded to is I'll get a letter from the Debtor's attorney explaining, you know, these are the financials that we've had since there was a hospitalization, there was a job loss, there was, you know, whatever happened happened, and here's, you know.  *See* Exhibit A, page 4, beginning at line 24.

> *              *              *

> **Defendant Jannette:**  Not, not the appearance.  I understand it can be onerous, particularly for working people.  I'm not trying to drag anybody to New York.  I just don't have a New Jersey office to notice it for.  What I'm really after is just an explanation of what happened.  It can be in the form of a letter, and the documents that are requested, in terms of attachments, which I understand are what is provided to the Trustee anyway.  So it's just a question of making a set of copies for me.  *See* Exhibit A, page 5, beginning at line 12.

> *              *              *

> **Defendant Jannette:**  If I could say one thing, Your Honor?  I, I've never required someone to come to New York City that didn't want to.  *See* Exhibit A, page 6, beginning at line 12.

> **The Court:**  Well, the face of the subpoena does so.  *See* Exhibit A, page 6, beginning at line 15.

5.   The Bankruptcy Court quashed the Notice of Rule 2004 Examination.  *See* Exhibit B.

///

///

///

Jonathan Stone, Esq.
490 Schooley's Mountain Road - Bldg. 3A
Hackettstown, New Jersey 07840-4002
Telephone:  (908) 979-9919
Facsimile:  (908) 979-9920

Jonathan Stone, Esq.
490 Schooley's Mountain Road - Bldg. 3A
Hackettstown, New Jersey 07840-4002
Telephone:   (908) 979-9919
Facsimile:   (908) 979-9920

**Judge Winfield:  Di Simone Adversary Proceeding # 10–01712 (NLW)**

6.   In this adversary proceeding, Judge Winfield held that the FDCPA claims were irrelevant to the adversary proceeding.

7.   At no time did Judge Winfield address the merits of the FDPCA claims.

8.   Judge Winfield questioned whether the bankruptcy court even has subject matter jurisdiction to address post–petition FDCPA violations in a no-asset chapter 7 case.

9.   The Defendants are attempting to introduce hearsay evidence in the form of a writing that purports to be an alleged transcript.  *See* Document 11–2.  The writing is from an unknown origin, is uncertified, is taken out of context and is impermissible hearsay.  Furthermore, it is unknown who produced the writing or whether the writing was produced by a competent witness. Accordingly, the undersigned submits that this writing is not admissible pursuant to FRE 802.

**Judge Ferguson:  Simon Adversary Proceeding # 11–1223 (KCF)**

10. Judge Ferguson ruled that the bankruptcy court lacks subject matter jurisdiction to address post–petition FDCPA violations in a no-asset chapter 7 case.

11. At no time did Judge Ferguson address the merits of the alleged FDCPA claims.

12. The *Simon* adversary proceeding was brought by a different attorney, not the undersigned.

13. Defendants' contend that the undersigned has been involved in the *Simon* matter.  Said statement is a stretch at best.  The undersigned's involvement in that case was limited to filing a Notice of Appearance as an Interested Party and filing a 1 ¼ page letter brief in support of same.

14. The undersigned's notice of appearance became moot because the case was dismissed.

**The Inapplicable Decisions Submitted by Defendants**

15. The *Rhodes* case is wholly inapplicable.  *See Rhodes v. Diamond,* 2011 WL 1591495 (3d Cir. 2011).  The *Rhodes* case dealt with proofs of claims filed within the bankruptcy court.  In this case, neither the Notice of 2004 Examination nor the Collection Letter were filed with the bankruptcy court.

16. The *Walls, Wan* and *Jones* cases are wholly inapplicable.  *See Walls v. Wells Fargo Bank*, 276 F.3d 502 (9th Cir. 2002), *Wan v. Discover Financial Services, Inc.,* 324 B.R. 124 (N.D. Cal. 2005) and *Jones v. Wolpoff & Abramson, L.L.P.,* 2006 WL 266102 (E.D. Pa 2006).  In these cases, a discharge

Jonathan Stone, Esq.
490 Schooley's Mountain Road - Bldg. 3A
Hackettstown, New Jersey 07840-4002
Telephone:   (908) 979-9919
Facsimile:   (908) 979-9920

was already entered and the Courts held that 11 U.S.C. § 524 actions must be brought before the bankruptcy court.  The Third Circuit has a similar holding as articulated in *In re Joubert*, 411 F.3d 452 (3d Cir. 2005).  However, in this case, no discharge has yet been entered, nor has the Plaintiff alleged a discharge violation.  In this case, the Plaintiff is not alleging an automatic stay violation, a discharge violation or any other violation under the bankruptcy code.  The Plaintiff instead is alleging FDCPA violations in a no-asset chapter 7 case where the bankruptcy court lacks subject matter jurisdiction.

### The Correct Standard – *Hubbard v. National Bond & Collection Associates*

17.  The *Hubbard* case supports the position that if an alleged FDCPA violation occurred that would not otherwise violate the bankruptcy code, then the United States District Court retains jurisdiction.  *See Hubbard v. Nat'l Bond & Collection Associates, Inc.*, 126 B.R. 422, 426 (D. Del. 1991) aff'd, 947 F.2d 935 (3d Cir. 1991).

18.  Even *Walls* is in agreement with *Hubbard*, in that the United States District Court would retain jurisdiction if there were an alleged FDCPA violation where the violations would not otherwise violate the bankruptcy code.

19.  In *Dougherty v. Wells Fargo Home Loans, Inc.*, 425 F. Supp. 2d 599 (E.D. Pa. 2006), a discharged Chapter 13 debtor brought action challenging mortgagee's assessment of post-petition, post-confirmation attorney fees, alleging violation of the Fair Debt Collections Practices Act (FDCPA), violation of the bankruptcy code, and state law claims for breach of contract, and unfair trade practices.  The mortgagee moved to dismiss.  *See id.*  The District Court held that the debtor was not precluded by the bankruptcy code from challenging a mortgagee's assessment under the FDCPA.  *See id.*

20.  In the case of *Randolph v. IMBS, Inc.*, the Seventh Circuit addressed the question of whether an FDCPA claim was precluded where it was based upon the automatic stay provision of § 362 of the Bankruptcy Code.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004).  The District Court had held that remedies under the Bankruptcy Code are the only recourse against post-bankruptcy debt-collection efforts, so that the Code trumps the FDCPA when they deal with the same subject.  *See Randolph*, 368 F.3d at 728.  The Seventh Circuit disagreed.  *See id.*

Setting forth its own analysis, the Court noted that there was no irreconcilable conflict between the Code and the FDCPA:

> It would be better to recognize that the statutes overlap, each with coverage that the other lacks-the Code covers all persons, not just debt collectors, and all activities in bankruptcy; the FDCPA covers all activities by debt collectors, not just those affecting debtors in bankruptcy. Overlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both.

*Id.* at 731; *see also Wagner v. Ocwen Fed. Bank,* No. 99-5404, 2000 WL 1382222, at *2 (N.D.Ill. Aug. 28, 2000) ("[Plaintiff's FDCPA] claim can be determined without doing violence to the Bankruptcy Code's purpose of adjudicating all claims in a single proceeding.... [Plaintiff] has not attempted to bypass any remedies provided to her under the Code while her bankruptcy petition was pending...."). In support of its position, the *Randolph* court further noted that the purposes of the two statutes are different: the FDCPA "regulates how debt collectors interact with debtors" whereas the Bankruptcy Code regulates "what assets are made available to which creditors and how much is left for debtors." *Randolph,* 368 F.3d at 731.

21. In this case, the Plaintiff is not alleging an automatic stay violation, a discharge violation or any other violation under the bankruptcy code. The Plaintiff instead is alleging FDCPA violations in a no-asset chapter 7 case where the bankruptcy court lacks subject matter jurisdiction.

**Did the Defendants Violate the FDCPA?  If So, Is the District Court the Correct Forum?**

22. In this case, the Plaintiff is alleging that the Defendants violated the FDCPA, but no violation under the bankruptcy code. The Plaintiffs are alleging that the Defendants violated the FDCPA by providing false or misleading representations in its communications for failure to comply with Fed. R. Civ. P. 45(a)(1)(A)(iv), Fed. R. Civ. P. 45(a)(1)(B), Fed. R. Civ. P. 45(a)(2)(B), Fed. R. Civ. P. 45(a)(2)(C), Fed. R. Civ. P. 45(b)(1), among others.

23. The Honorable Rosemary Gambardella has quashed this same Notice of Rule 2004 Examination due to false or misleading representations.  *See* Exhibits A and B.

Jonathan Stone, Esq.
490 Schooley's Mountain Road - Bldg. 3A
Hackettstown, New Jersey 07840-4002
Telephone:  (908) 979-9919
Facsimile:   (908) 979-9920

24. Both Judge Winfield and Judge Ferguson have held that the bankruptcy court is the incorrect forum to bring alleged FDCPA violations because the bankruptcy court lacks subject matter jurisdiction.

25. At no time did either Judge Winfield or Judge Ferguson address the merits of the alleged violations under the FDCPA in the *Di Simone* or *Simon* matters, respectifully.

26. The *Hubbard* case supports the position that the United States District Court is the correct forum to bring alleged FDCPA complaints where the violations would not otherwise violate the bankruptcy code.

27. Therefore, the Plaintiff respectfully requests that the Defendants' Motion for Sanctions be denied and hold that this Court retains subject matter jurisdiction.

## II.  JURISDICTION AND VENUE

28. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§1334(b), 157(a) and 157(b)(1).  This dispute is a core proceeding pursuant to 28 U.S.C. §§157 (b)(2)(A), (B), and (O).  Venue is proper pursuant to 28 U.S.C. §1408(1).

## III.  THE DEFENDANTS ARE NOT ENTITLED TO SANCTIONS PURSUANT TO 28 U.S.C. § 1927

29. 28 U.S.C. § 1927 provides, "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  *Id.*

30. It is well settled in the Third Circuit that 28 U.S.C. § 1927 requires a finding of four elements for the imposition of sanctions:  "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct."  *In re Beers*, 2010 WL 4263292 (3rd Cir. October 29, 2010); *LaSalle Nat'l Bank v. First Connecticut Holding Group*, 287 F.3d 279, 288 (3d Cir.2002).  *See also In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 180 (3d Cir.2002); *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir.1991); *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3rd Cir.1989); *Baker Industr. Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir.1985).

Jonathan Stone, Esq.
490 Schooley's Mountain Road - Bldg. 3A
Hackettstown, New Jersey 07840-4002
Telephone:  (908) 979-9919
Facsimile:  (908) 979-9920

Jonathan Stone, Esq.
490 Schooley's Mountain Road - Bldg. 3A
Hackettstown, New Jersey 07840-4002
Telephone: (908) 979-9919
Facsimile: (908) 979-9920

31. The Third Circuit has consistently held that in order to assess sanctions under §1927, there must be a finding that the attorney acted willfully in bad faith – that the attorney's "conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." *See Baker Industries. Inc. v. Cerberus Limited*, 764 F.2d 204, 208-209 (3d.Cir.1985); *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d.Cir.1991)(citing Jones v. Pittsburgh National Bank, 899 F.2d 1350, 1357 (3d.Cir.1990)); *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191-93 (3d.Cir.1989); *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 484 (3d.Cir.1987). The *Baker* Court continued by stating that "[t]he section [1927] is directed against attorneys who willfully abuse judicial processes." *Id.*

32. "Bad faith" in relation to a claim under § 1927 has been interpreted to mean the "intentional advancement of a baseless contention that is made for ulterior purposes, e.g., harassment or delay ... [or] when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose..." *Alphonso v. Pitney Bowes.*, Inc., 356 F.Supp.2d 442, 452 (internal citations omitted) (D.N.J.2005). For example, in *Ford v. Temple Hospital*, 790 F.2d 342 (3d.Cir.1986), the plaintiff's attorney filed a civil rights complaint after the expiration of the statute of limitations. *See id.* The case was ultimately dismissed on summary judgment and the defendant sought to recover fees and costs pursuant to 28 U.S.C. § 1927. *See id.* The District Court awarded fees to the defendant on the basis that the attorney knew or should have known that the action was frivolous at the time of filing, or in the alternative, should have withdrawn the matter when it became clear the matter was frivolous and the failure to do so constituted bad faith warranting the award of attorneys fees. *See id.* The Third Circuit Court of Appeals reversed stating that there was no intentional advancement of a baseless contention that was made for an ulterior purpose to harass or delay. *See id.* The Third Circuit made it clear that bad faith, as required under 28 U.S.C. § 1927, requires a finding that the attorney acted with the intent to harass or delay. *See id.* Negligence on the part of an attorney is not sufficient to warrant a finding of "bad faith" under §1927. *See, Hoffman-La Roche, Inc. v. Invamed, Inc.*, 183 F.R.D. 157 (D.N.J. 1998). "Unlike Fed. R. Civ. P. 11, § 1927 sanctions are, by the section's plain terms, imposed only on offending attorneys; clients

Jonathan Stone, Esq.
490 Schooley's Mountain Road - Bldg. 3A
Hackettstown, New Jersey 07840-4002
Telephone:   (908) 979-9919
Facsimile:    (908) 979-9920

may not be ordered to pay such awards. *E.g. Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991)." *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.* 38 F.3d 1414 (5th Cir. 1994).  *See also In re Beers,* 2009 WL 1025402 (Judge Ferguson, March 3, 2009).

33. In this case, turning to first three elements for imposing sanctions, the undersigned has not multiplied proceedings, has not conducted himself unreasonably and vexatiously or has not increased the cost of the proceedings.  Here, the undersigned only filed a single Complaint and a single Opposition to Dismiss the Complaint.  This Honorable Court has yet to decide on the Defendants' Motion to Dismiss the Complaint.  Finally, there have been exactly zero ("0") hearings before this Honorable Court.  Turning to the fourth element for imposing sanctions, the undersigned's conduct hardly qualifies as the type of bad–faith conduct "violative of the recognized standards" in litigation contemplated by 28 U.S.C. **§** 1927.  Therefore, the undersigned respectfully submits that the Defendants' Motion for Sanctions must be denied.

## IV.  CONCLUSION

Based on the established and uncontradicted facts, it is respectfully submitted that this Honorable Court find that there was no bad faith or intentional misconduct by the undersigned and accordingly enter an Order denying the Motion for Sanctions and for all such other and any other relief this Court deems just.

Dated Friday, July 15, 2011

s/ *Jonathan Stone*

Jonathan Stone
Law Office of Jonathan Stone
Attorney for the Plaintiff
490 Schooley's Mountain Road – Bldg. 3A
Hackettstown, NJ 07840-4002
Phone (908) 979-9919
Fax (908) 979-9920
jon@jonstonelaw.com