NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TARA ELMS HENDERSON, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 11-cv-2607 (DMC)(MF) |
| WEINSTEIN & RILEY, P.S., PC., and KENNETH STEVEN JANNETTE, | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Defendants Weinstein & Riley, P.S., P.C. ("W & R") and Kenneth Steven Jannette ("Jannette") (collectively, "Defendants") to Dismiss the Complaint, and upon Defendants' Motion for Sanctions. ECF No.'s 6, 11. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motions are **denied**.

I.   **BACKGROUND**[1]

This matter involves allegedly unlawful debt collection practices. Plaintiff is Tara Elms Henderson ("Plaintiff"). W & R is a professional corporation organized and existing under the laws of the State of New Jersey. Compl. ¶ 8, ECF No. 1. Jannettee is an attorney admitted to practice

---

[1] The following background is based on the Complaint, the factual allegations of which this Court is required to accept as true.

in the State of New Jersey, who was employed at all relevant times by W & R as a collection agent. Compl. ¶ 10.

Plaintiff filed for bankruptcy protection under Chapter 7 of Title 11 of the United States Code on March 31, 2011. Compl. ¶ 26. Prior to Plaintiff's filing for bankruptcy, on or about November 15, 2010, Plaintiff allegedly incurred a financial obligation to Discover Bank, Issuer of the Discover Card ("Discover"). Compl. ¶ 23. At some point prior to April 26, 2011, Plaintiff's financial obligation was transferred by Discover to W & R for collection. Compl. ¶ 27. The Bankruptcy Court issued an order discharging Plaintiff on July 8, 2011, and the bankruptcy proceedings closed on August 2, 2011. Compl. ¶¶ 7, 26.

On April 26, 2011, during the bankruptcy proceedings and before discharge, Defendants sent a collection letter to Plaintiff's attorney, offering to settle the disputed financial obligation either by installments or by a one time cash settlement at a reduced amount (the "Collection Letter"). Compl. ¶ 30; Ex. A to Compl., ECF No. 4. Along with the Collection Letter, Defendants sent a Notice of Examination in Accordance with F.R.B.P. 2004 and Local Rule 2004-1 ("Notice of Rule 2004 Examination") to Plaintiff's attorney. Compl. ¶ 31; Ex. A to Compl. Plaintiff claims that the Collection Letter and the Notice of Rule 2004 Examination violate "numerous and multiple" provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

On May 6, 2011, Plaintiff filed her Complaint with this Court. On May 27, 2011, Defendants filed the present Motion to Dismiss the Complaint, pursuant to FED. R. CIV. P. 12(b)(6). Defendants filed a Motion for Sanctions, pursuant to FED. R. CIV. P. 11, on June 28, 2011. Plaintiff filed Oppositions to Defendants' Motion to Dismiss and Motion for Sanctions on June 6, 2011 and July 15, 2011, respectively. ECF Nos. 9, 12. The Motions are now before this Court.

## II.     STANDARD OF REVIEW

A. Motion to Dismiss

In deciding a motion under FED. R. CIV. P 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief, however, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

B. Motion for Sanctions

> FED. R. CIV. P. 11 in pertinent part provides:
>
> b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

FED. R. CIV. P. 11(b)(1) and (3). "Rule 11 is intended for only exceptional circumstances." Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987). "The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances . . . with reasonableness defined as an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." Cottman v. Flower Manor Ltd. P'ship, 1992 U.S. Dist. LEXIS 19881 at *10-11 (E.D. Pa. Dec. 2, 1992) (internal citations and quotation marks omitted).

### III. DISCUSSION

Defendants present two arguments in their Motion to Dismiss. First, Defendants argue that the FDCPA claim pursued by Plaintiff is precluded by the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. Defs.' Br. 4. Second, Defendants argue that even if the FDCPA claim is not precluded, the correspondence at issue is not proscribed by the FDCPA. Defs.' Br. 7. The Court will address each of these arguments in turn.

Defendants draw the Court's attention to a series of cases from this Circuit that have relied on the Ninth Circuit's reasoning regarding the preclusion of FDCPA claims by the Bankruptcy Code. Defs.' Br. 4-7. In Walls v. Wells Fargo Bank, the Ninth Circuit found that no private cause of action existed under Section 524(a)(2) of the Bankruptcy Code, and reasoned that "[t]o permit a simultaneous claim under the FDCPA would allow through the back door what [plaintiff] cannot accomplish through the front door–a private right of action."[2]  276 F.3d 502, 510 (9th Cir. 2002).

---

[2] Section 524(a) of the Bankruptcy Code provides that a discharge order releases a debtor from personal liability with respect to any discharged debt by voiding any past or future judgments on the debt and by operating as an injunction to prohibit creditors from attempting to collect or to recover the debt. Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 447 (2004).

In interpreting a different section of the Bankruptcy Code, Section 506(b), the Third Circuit cited Walls approvingly, and found that no private cause of action existed under 506(b).[3]  Joubert v. ABN Mortg. Group, Inc., 411 F.3d 452, 455-56 (3d Cir. 2005).  District Courts of this Circuit have applied the reasoning of Walls and Joubert to their interpretation of Section 524(a)(2), and concluded that no private cause of action exists pursuant to Section 524(a)(2).  See, e.g., Townsend v. M & T Mortgage Corp., No. 3:09-1866, 2010 U.S. Dist. LEXIS 62331 at *9 (M.D. Pa. June 22, 2010).  The Courts of this Circuit have further concluded, following the logic of Walls and Joubert, that FDCPA claims are necessarily precluded by Section 524(a)(2).  See id. at *13-14 (collecting cases).  Defendants' reliance on this line of cases is misplaced, however, as it requires an overly broad interpretation of their holdings.

   Not all claims under the FDCPA are automatically precluded by the Bankruptcy Code.  Dougherty v. Wells Fargo Home Loans, Inc. considered charges that a defendant improperly sought to assess attorneys fees for debt collection on a mortgage during a pending bankruptcy.  425 F.Supp. 2d 599 (E.D. Pa. 2006).  In that case, the court noted that the alleged violations complained of occurred before discharge of the plaintiff's bankruptcy, and therefore did not implicate Section 524 of the Bankruptcy Code.  Id. at 604.  The court thus found that it did not have to follow the logic of Walls and Joubert.  Id.  Instead, the court cited to case law from the Seventh Circuit for the proposition that FDCPA claims are not automatically precluded by the Bankruptcy Code where those claims can be determined without doing violence to the Bankruptcy Code's purpose of adjudicating

---

[3] Section 506(b) of the Bankruptcy Code provides holders of over-secured claims with an unqualified right to post-petition interest, regardless of whether the agreement giving rise to the claim provides for interest, until a plan's confirmation date.  Rake v. Wade, 508 U.S. 464, 468 (1993).

all claims in a single proceeding. Id. at 605 (citing Randolph v. IMBS, Inc., 368 F.3d 726, 728 (7th Cir. 2004); Wagner v. Ocwen Fed. Bank, No. 99-5404, 2000 U.S. Dist. LEXIS 12463 at *6 (N.D. Ill. Aug. 28, 2000)). The court further noted that the purpose of the FDCPA is different from that of the Bankruptcy Code, as the FDCPA regulates how debt collectors interact with debtors, whereas the Bankruptcy Code regulates what assets are made available to which creditors and how much is left for debtors. Id. (citing Randolph, 368 F.3d at 731) (internal quotation marks omitted). For these reasons, the Dougherty court found that the Bankruptcy Code did not preclude FDCPA claims in the circumstances considered.

Section 524 of the Bankruptcy Code is not implicated in this case. The conduct complained of, Defendants' sending of the Collection Letter and the Notice of Rule 2004 Examination, occurred prior to Plaintiff's bankruptcy discharge. Thus, the reasoning of Walls and Joubert does not apply to Defendants' conduct. Further, Plaintiff's claims require this Court to consider how debt collectors interact with debtors, not whether an automatic stay violation, discharge violation, or any other violation of the Bankruptcy Code occurred. Beyond their citation to the Walls line of cases, Defendants have not pointed to any specific provisions of the Bankruptcy Code that would otherwise preclude Plaintiff's FDCPA claim. Defendants' argument of preclusion is therefore not persuasive.

Defendants' second argument focuses on the merits of Plaintiff's claims. In Count One of the Complaint, Plaintiff alleges that Defendants' debt collection attempt violated twelve specific provisions of the FDCPA.[4] Compl. ¶¶ 54-56. Plaintiff claims that these violations stem from both the form and delivery of the Collection Letter and the Notice of Rule 2004 Examination, and makes

---

[4]Specifically, Plaintiff has claimed that Defendants' actions violated sections 1692d, 1692e, 1692e(2), 1692e(5), 1692e(9), 1692e(10), 1692e(11), 1692e(13), 1692f, 1692f(1), 1692f(6), and 1692g of the FDCPA. Compl. ¶ 55.

several factual assertions to that end. First, Plaintiff argues that the Notice of Rule 2004 Examination "provides false or misleading representations in its communications for failure to comply with FED. R. CIV. P. 45(a)(1)(A)(iv) by failing to provide the mandatory consumer protection text of FED. R. CIV. P. 45(c) and (d)." Compl. ¶ 36. Second, Plaintiff argues that the Notice of Rule 2004 Examination "provides false or misleading representations in its communications for failure to comply with FED. R. CIV. P. 45(a)(1)(B) by failing to state the method for recording the testimony." Compl. ¶ 37. Plaintiff also contends that the Notice of Rule 2004 Examination "provides false or misleading representations in its communications for failure to comply with FED. R. CIV. P. 45(a)(2)(B) by failing to be issued 'from the court for the district where the deposition is to be taken.'" Compl. ¶ 38. With respect to this contention, Plaintiff argues that the Notice of Rule 2004 Examination was issued from the United States Bankruptcy Court for the District of New Jersey, but "compels" Plaintiff to appear for examination in the Southern District of New York. Compl. ¶ 38. Plaintiff also argues that Defendants' communications violate the FDCPA because they were not served on Plaintiff, but rather, on Plaintiff's attorney. Compl. ¶ 39. Finally, Plaintiff contends that Defendants have never "mailed anything to Plaintiff including the statutory notification requirement under 15 U.S.C. § 1692(g)." Compl. ¶ 40.

      Defendants do not directly address many of these arguments in their Motion to Dismiss. Rather, Defendants direct the Court's attention to a number of cases filed by Plaintiff's attorney in which the same, or substantially the same, complaints concerning Notice of Rule 2004 Examinations and other communications were examined. Defs.' Br. 7-9. Defendants argue that the losses handed to Plaintiff's attorney in those cases should apply with equal force in this matter as well. Defs.' Br. 7. In support, Defendants provide only unverified quotations to portions of various hearings

transcripts from these cases.  Defendants do not, however, suggest how the logic of those cases should apply to the individual facts and circumstances of this case.  Defendants also take issue with Plaintiff's attorney's characterization of the record, arguing that Plaintiff "fragrantly [sic] misrepresents the contents of the letters attached to her own complaint . . . ."  Defs.' Br. 10 n.3.  In so arguing, however, Defendants fail to address many of Plaintiff's arguments, including, for example, Plaintiff's contention that the correspondences at issue violated FED. R. CIV. P. 45(a)(1)(A) and FED. R. CIV. P. 45(a)(2)(B).  The Court will not make those arguments for Defendants.  Defendants' Motion to Dismiss is therefore denied.  Accordingly, Defendants' Motion for Sanctions is denied as well.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **denied**.  Defendants' Motion for Sanctions is **denied**.  An appropriate Order accompanies this Opinion.

S Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:         December  27 , 2011
Orig.:        Clerk
cc:           All Counsel of Record
              Hon. Mark Falk, U.S.M.J.
              File